# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DAVID ALEXANDER GUTIERREZ
RODAS (A No. 241-663-418),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY
ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-05067-JLT-EPG

ORDER WITHDRAWING REFERENCE TO
THE ASSIGNED MAGISTRATE JUDGE;
GRANTING IN PART THE PETITION FOR
WRIT OF HABEAS CORPUS; AND
DIRECTING RESPONDENTS TO PROVIDE
A SUBSTANTIVE BOND HEARING

(Doc. 1)

## I.      INTRODUCTION

Before the Court is David Alexander Gutierrez Rodas's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the habeas petition (Doc. 1).

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   FACTUAL BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States as a minor in June 2022, where he was encountered by U.S. Border Patrol. (Doc. 6 at 5.) The Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR) released him to sponsor on an order of recognizance pursuant to the William Wilberforce Trafficking Victims Protection Reauthorization Act (TVPRA) of 2008. (*Id*. at 5, 9.) Petitioner does not have any pending applications for relief with USCIS (*id*. at 5) and is not currently subject to a final order of removal.[1]

On March 15, 2026, Petitioner was arrested by local police in Texas for racing on the highway. (Doc. 6 at 5.) Petitioner was charged with a Class B misdemeanor under the Texas Transportation Code § 545.420(d). (*Id*. at 6.) That charge remains pending. (*See id*. at 6, 23–24.) Apart from this offense, Petitioner has no other criminal history. (*Id*. at 6.) After spending five weeks in the Dallas County Jail, Petitioner was released into ICE custody in April 2026. (Doc. 1 at 5.) DHS then charged Petitioner as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 6 at 11.) In May 2026, ICE transferred Petitioner to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 5.)

### IV.   DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that the case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 5, 2026).

2

and the detention unlawful.[2] *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Respondents further argue that Petitioner's recent criminal history justifies his pre-order detention. (Doc. 6 at 1.) Considering Petitioner's recent arrest and charge under the Texas Transportation Code § 545.420(d) for racing on the highway, the Court finds that the appropriate remedy here is a bond hearing where the Government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**;

2.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so

---

[2]  A noncitizen minor who is encountered at the border and released by ORR to a sponsor pursuant to the TVPRA is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but is instead detained under § 1226(a). *See Quinteros Cornejo v. Andrews*, *et al.*, 823 F. Supp. 3d 1085, 1094–97 (E.D. Cal. 2026). Here, Petitioner was similarly encountered as a minor upon entry into the United States and released to a sponsor under the TVPRA. (Doc. 6 at 9.) As such, the Court adopts its reasoning in *Quinteros Cornejo* to the present case and finds that Petitioner is not subject to mandatory detention under § 1225(b).

great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

　　　3.　　**At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

　　　4.　　Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

　　　5.　　The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

　　　6.　　The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:　August 6, 2026

UNITED STATES DISTRICT JUDGE

4